IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL NO. 5:13CR77-RLV

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MARQUAL HUDGINS, | ) | |
|                 Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant Marqual Hudgins's Notice of Appeal and Motion To Revoke Detention Order, filed November 2, 2013 (Doc. 11), and the Government's Response in Opposition, filed November 7, 2013 (Doc. 12).

Defendant's original detention hearing was held on October 25, 2013, before United States Magistrate Judge David C. Keesler. At the conclusion of that hearing, Defendant was ordered detained. The Magistrate Judge found clear and convincing evidence that "[t]here is a serious risk that the defendant will endanger the safety of another person or the community." (Doc. 8). The Magistrate Judge specifically noted:

> The Defendant is charged with 922(g) and 922(j) counts. The government's evidence includes admissions by the Defendant that he purchased two stolen firearms and one of these was fully loaded. The Defendant also allegedly had MJ [marijuana] in his possession at the time of the arrest. While the Defendant has stable ties and a good work history, he [] has a prior conviction for attempted second degree murder and arrests for aggravated robbery.

*Id.* The Magistrate Judge ultimately determined that no conditions or combination of conditions could reasonably assure the safety of the community. *See* 18 U.S.C. § 3145(b).

This Court reviews *de novo* the magistrate judge's detention order. 18 U.S.C. § 3145(b); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989) *(citing United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985)). The Court has reviewed the entire criminal record, including the audio recording of the detention hearing and the Pretrial Services Report, which recommended

release pursuant to a $25,000 unsecured bond, pretrial supervision, home detention, and other conditions while simultaneously noting that Defendant poses a risk of danger due to the nature of the instant offense and his criminal history. (Pretrial Services Report, 4–5).

Defendant Hudgins is charged with possession of a firearm by a convicted felon and possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 922(j). (Doc. 5).

In determining whether there are conditions of release that will reasonably assure the safety of other persons and the community, the Court considers all evidence regarding:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including —
>    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

Here, the question is whether clear and convincing evidence exists in the record that Defendant Hudgins poses a serious risk of danger to another person or the community. The risk of non-appearance is not at issue as Defendant has ample ties to the community and more stability than most. As the Magistrate Judge acknowledged, and defense counsel effectively argued, this Defendant enjoys remarkable family support and has an employment record that would ordinarily weigh in favor of finding Defendant eligibile for bond. However, this

Defendant has a prior conviction from 1992 for Attempted Second Degree Murder.[1] Defendant also has arrests for other crimes of violence including aggravated robbery. Defendant has a prior DWI. In addition, at the time of arrest, a small (personal use) amount of marijuana was discovered in the car and law enforcement reported that the odor of marijuana was emanating from inside the vehicle. Most troubling is the fact that Defendant had a loaded firearm – that Hudgins admittedly bought "hot" – within reach beneath the passenger seat where he was positioned in the car. Thus, Hudgins's possession of the firearms, at least one of which was confirmed stolen in NCIC, is not disputed. Hudgins's more recent (apparent law-abiding) past and the circumstances of his arrest present a number of questions and inconsistencies. Indeed, the Government makes the point in its response that releasing Defendant Hudgins on bond "seems to present uncomfortable and unnecessary risks to the community." (Response, 3). This Court agrees.

In conclusion, taking all of the factors into consideration, the Court finds that no condition or combination of conditions of bond will reasonably assure the safety of other persons and the community.

**IT IS, THEREFORE, ORDERED** that Defendant's Notice of Appeal and Motion To Revoke Detention Order is hereby **DENIED**. Defendant shall remain in custody pending adjudication.

Signed: November 8, 2013

Richard L. Voorhees
United States District Judge

---

[1] The parties do not provide the Court with any other information concerning this conviction.